UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN JOVAN SANFORD,

        Petitioner,

v.                                 Case No. 2:11-cv-14746
                                  Honorable Denise Page Hood

STEVE RIVARD,

        Respondent.

_____/

### ORDER GRANTING PETITIONER'S MOTION
### TO HOLD HIS HABEAS PETITION IN ABEYANCE
### AND
### CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

On October 28, 2011, petitioner Warren Jovan Sanford filed a *pro se* habeas corpus petition challenging his Wayne County convictions for armed robbery, felonious assault, and three firearm offenses. His only claim alleged that the prosecutor made an improper burden-shifting argument.

Currently pending before the Court is Petitioner's motion to hold his habeas petition in abeyance while he exhausts state remedies for three claims about his trial attorney. Petitioner contends that his attorney failed to provide adequate advice at a plea hearing, failed to call five exculpatory witnesses at trial, and failed to move to suppress a highly suggestive in-court identification.

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845,

119 S. Ct. 1728, 1731-32, 144 L.Ed.2d 1 (1999).  To properly exhaust state remedies, a petitioner must fairly present each claim to the state court of appeals and to the state supreme court before raising the claims in federal court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner seeks to exhaust state remedies for a new claim alleging ineffective assistance of trial counsel.  If the Court were to dismiss Petitioner's habeas petition while he pursues state remedies, a subsequent petition could be barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  Faced with a similar dilemma, some courts have taken a "stay and abeyance" approach whereby a federal district court holds a habeas petition in abeyance while the petitioner pursues state remedies for previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534, 161 L.Ed.2d 440 (2005).  After the petitioner exhausts state remedies, the district court lifts the stay and allows the petitioner to proceed in federal court.  *Id.*, 544 U.S. at 275-76, 125 S. Ct. at 1534.  Stay and abeyance are permissible when there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are not meritless, and the petitioner has not engaged in abusive litigation tactics or intentional delay.  *Id.,* 544 U.S. at 277-78, 125 S. Ct. at 1535.

Petitioner is not engaged in abusive litigation tactics, and even though he has not alleged "cause" for his failure to exhaust state remedies before filing his habeas petition, his unexhausted claims are not plainly meritless.  Accordingly, Petitioner's motion to hold his habeas petition in abeyance [Document No. 11, filed March 9, 2012] is GRANTED.  The Court's stay is conditioned on Petitioner filing a post-conviction motion in state court within **sixty (60) days** of the date of this order, provided that he has not

already done so.  If he is unsuccessful in state court and wishes to return to federal court, he shall file an amended habeas corpus petition and a motion to re-open this case, using the same caption and case number that appear on this order.  The motion to re-open the case and the amended petition shall be due within **sixty (60) days** of exhausting state remedies.   This case is hereby closed for administrative purposes.

                                           S/Denise Page Hood
                                           Denise Page Hood
                                           United States District Judge

Dated:   April 27, 2012

I hereby certify that a copy of the foregoing document was served upon Warren Sanford #441295, 8585 N. Croswell Road, St. Louis, MI 48880 and   counsel of record on April 27, 2012, by electronic and/or ordinary mail.

                                           S/LaShawn R. Saulsberry
                                           Case Manager